KERR & JOHNSON v. HEDGE & HEATON.

1. VERIFIED PLEADINGS. The sufficiency of a verification of a pleading demanded under oath discussed and determined.

*Appeal from Polk District Court.*

SATURDAY, DECEMBER 7.

THE facts are stated in the opinion of the court.

*John Mitchell* for the appellant.

*Brown & Sibley* for the appellee.

BALDWIN, J.—The defendants, in their answer, deny any indebtedness to plaintiff; and claim that the agreement sued upon was made with Johnson, of the firm of Kerr & Johnson. The answer sets up certain conditions upon which the agreement was made, alleging that it was signed at the request of Johnson, for the purpose of inducing his partner, Kerr, to make further investments in real estate; and that there was no consideration for said agreement. The plaintiffs were required to reply under oath. The replication filed denied all the allegations in the answer. The affidavit attached to the replication was made by Kerr alone, in which it is stated, that the affiant was not personally acquainted with the matters set up in the replication, but from

the information of Johnson, his co-defendant, he believed the facts stated were true in substance and in fact.

One Robinson, also, filed an affidavit, stating that he was the agent of plaintiffs; that he was acquainted with all the facts in the case, and that the matters stated in the replication were true; that the replication of Johnson could not be obtained, as he was absent, and his place of residence could not be ascertained.

Defendant moved to strike both the replication and the affidavit of Robinson from the files, and the refusal of the court to sustain this motion, is the important error assigned.

The motion is based upon the fact, that the plaintiff Kerr, shows that he is not sufficiently advised as to the matters called for in the answer, and that the replication could not therefore be verified by his affidavit. Suppose, in the first place, that the replication was not sworn to at all; is this a sufficient reason for striking the same from the file? Under the provisions of § 1745 of the Code, a replication not sworn to could not be regarded as evidence for the plaintiff, but it could be considered as a pleading putting in issue the allegations, to which it responds. But § 1749, provides that such replication must be sworn to by the party himself, or some one of the parties, when there are several, or by some one showing himself to be possessed of equal information with the party, &c. The answer of defendant asks, that plaintiffs reply under oath. The first amended answer does not call for Johnson's replication in particular, but merely that of the plaintiffs. The replication complies fully with the requirements of the statutes. It is made by one of several parties, and under oath. In addition to this, it is sworn to by Robinson, who shows himself possessed of equal information with that of Johnson himself.

After this replication was filed, an additional amended

answer was filed, which was not replied to. It is now claimed by appellants, that the allegations of this amended answer not being responded to, should have been taken as true, and judgment rendered for defendants. This additional amended answer is substantially the same as the first. It appears to have been filed just as the case was called for trial, and was apparently filed for delay, as the cause had been pending for two years, and it does not appear that any material facts had come to the knowledge of defendants, since the filing of the former answer. Regarding it however in time, and not responded to, we are unable to find such a defense stated, as would bar the plaintiffs right of recovery.

Affirmed.